1829

Bay
v.
Van Rens-
selaer.

---

*BAY AND MONELL ADMINISTRATORS, &c., APPELLANTS, [*423]
    *v.* VAN RENSSELAER AND OTHERS, RESPONDENTS.

· The thirty days within which an appeal from the decree or sentence of a surrogate to the Court of Chancery must be entered, is to be computed from the time the same is pronounced, and not from the service of a copy thereof.

THIS was a motion to quash an appeal from a decree of the surrogate of Columbia. The final sentence was pronounced and entered in the records of the surrogate on the 9th of December, 1828. On the 18th of the same month a copy thereof was served on the appellants by the proctor for the respondents, and payment was demanded of the amount decreed to be paid. The appeal was not entered until the 17th of January, 1829.

*Feb. 18th.*

*C. Bushnell,* for motion.

*A. L. Jordan,* contra.

THE CHANCELLOR:—The only question in this cause is, whether the appeal should be entered within thirty days

1829.

Bay
v.
Van Rens-
selaer.

after the making and entry of the final sentence of the surrogate, or within the same time after service of a copy thereof. By the civil law, the appeal must be entered within ten days after the date of the sentence or order appealed from. (Domat's Supplement to the Public Law, book 4, tit. 8, art. 2, note.) The time was afterwards extended by the statute 24 Hen;, ch. 12. The 7th section of that Act provides that the appeal to the judge *adquem* shall be entered within fifteen days next ensuing the sentence. The act of the 20th of February, 1787, (1 Greenleaf's Laws, 366,) saves to the party aggrieved by the order or sentence of a surrogate, his right of appeal to the Court of Probates, so as such appeal be taken within fifteen days next after the order or sentence appealed from be made. In the revisions of 1801 and 1813, the provisions limiting the time for appealing are substantially the same as in the act of 1787. The act of March, 1823, *which abolished the Court of Probates and substituted an appeal to the Chancellor, extends the time for appealing from fifteen to thirty days. In other respects the provision is substantially in the same language as in the former statutes. It was not intended by any of these statutes to change the rule of the civil law, except so far as they extended the time for appealing from ten days to fifteen, and finally to thirty days from the date of the sentence or order appealed from. Although the language of the statutes have varied, there is nothing from which it can be supposed there was any intention to alter the date from which the time for appealing was to be computed. The appeal must be entered within thirty days after the sentence is made and entered by the surrogate. This appeal was entered nine days after the time allowed for appealing had expired, and being irregular it must be dismissed.